Andrew **LEVINE** and Shawne L., Plaintiffs,

v.

**COUNTY OF WESTCHESTER, Office of the Dept. of Social Services of Westchester County, Office of Child Protective Services of Ossining, NY, Offices of the County Attorneys of Westchester, NY, Attorney General of the State of New York, Office of Jewish Community Services, Maria Joy Frank, Donna McLeod, State of New York, State of North Carolina, Hon. Orazio Bellantoni, Hon. Vincent Colabella, and Hon. Chester Davis, Defendant(s).**

No. 92 Civ. 1702 (JES).

United States District Court, S.D. New York.

July 30, 1993.

---

Richard Zelma, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City for defendants-State of N.Y., the Office of the Atty. Gen., Hon. Bellantoni, and Hon. Colabella; Ellen J. Fried, June Duffy, Asst. Attys. Gen., of counsel.

Gold & Duker, White Plains, NY, for defendant-Donna McLeod; Naomi Duker, of Counsel.

D'Amato & Lynch, New York City for defendant-Maria Joy Frank; Lisa Bluestein, of Counsel.

Lacy H. Thornburg, Atty. Gen. of N.C. Raleigh, for defendants-the State of North Carolina and the Hon. Chester Davis; Lars F. Nance, Sp. Deputy Atty. Gen., of counsel.

Marilyn J. Slaaten, Westchester County Atty., White Plains, NY, for County of Westchester defendants; Antoinette McCarthy, Sr. Asst. County Atty., of counsel.

Cuddy & Feder, White Plains, NY, Attorneys for defendant-Jewish Community Services; Erica Tukel Wax, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Andrew Levine ("Levine"), the father in a long-running child custody and visitation dispute, has brought this action pursuant to § 1 of the Civil Rights Act, 42 U.S.C. § 1983, on behalf of himself and his daughter Shawne, against the County of Westchester, various County agencies, a children's law guardian, his former wife and the child's mother, the States of New York and North Carolina, and two New York judges and one North Carolina judge. For the reasons that follow, defendants' motions to dismiss the Third Amended Complaint are granted.

## BACKGROUND

Levine's Third Amended Complaint defies easy characterization, but from the series of orders and letters that Levine has attached as exhibits to the Third Amended Complaint, the Court has discerned the following facts. Levine and defendant Donna McLeod ("McLeod") married in 1980 and had the child who is the subject of this dispute in 1981. Third Amended Complaint Ex. MM at ¶ 3. On or about November 3, 1986, McLeod filed for divorce in the Supreme Court of the State of New York, Westchester County. *Id.* at ¶ 10. In his answer to McLeod's divorce complaint, Levine requested custody of the child. *Id.* at ¶ 11.

On December 1, 1986, McLeod filed a family offense petition under Article 8 of the New York Family Court Act in the Family Court of the State of New York alleging, *inter alia*, that Levine had sexually abused their five year old daughter. Third Amended Complaint Ex. A. On the same date, the Family Court granted McLeod a temporary order of protection that ordered Levine to remain away from and out of McLeod's residence. *Id.*

On January 15, 1987, the defendant-Department of Social Services, County of Westchester ("DSS"), instituted a proceeding under Article 10 of the New York Family Court Act to determine whether the child had been abused. Third Amended Complaint Ex. G. On April 27 and July 10, 1987, defendant, the Honorable Orazio R. Bellantoni, Family Court Judge, State of New York, Westchester County, conducted an Article 10 factfinding hearing and took testimony from two social workers from defendant Child Protection Services ("CPS"), a division of defendant DSS, the child's law guardian defendant Maria Joy Frank ("Frank"), the child herself, *in camera*, Levine, Levine's mother, and the mother of the child's best friend. Third Amended Complaint Ex. L; *id.* Ex. II at 5. By order dated August 19, 1987, Judge Bellantoni found that Levine had sexually abused the child, ordered that the temporary order of protection be continued, and scheduled a dispositional hearing. Third Amended Complaint Ex. Q.

Thereafter, from about November 2, 1987 to December 4, 1987, Judge Bellantoni held a dispositional hearing at which Levine appeared through counsel and after which, by order dated February 24, 1988, Judge Bellantoni granted custody of the child to McLeod, granted a permanent order of protection forbidding all contact between Levine and the child, and requested DSS to supervise both Levine and the child (the "Dispositional Order"). Third Amended Complaint Ex. W. On May 22, 1989, the Appellate Division affirmed the Dispositional Order and awarded custody of the child to McLeod. Third Amended Complaint Ex. R. On or about December 6, 1991, Levine filed an order to show cause why a stay of the Dispositional Order should not be granted. Third Amended Complaint Ex. RR. Judge Bellantoni treated the order to show cause as a motion to stay the Dispositional Order and denied the relief requested. *Id.*

Meanwhile, in August 1987, Donna McLeod and the child moved to North Carolina. Third Amended Complaint Ex. MM ¶ 7. On August 2, 1990, Judge Bellantoni ordered that "the proper jurisdiction for the custody and visitation currently lies in North Carolina where the child has resided for over two years." *Id.* at ¶ 9.

Subsequently, on October 29, 1991, McLeod filed a motion in the Forsyth County District Court, State of North Carolina, to transfer jurisdiction over the custody of the child to North Carolina pursuant to the Uni-

form Child Custody Jurisdiction Act.[1] *Id.* ¶ 17. By order dated February 21, 1992, *nunc pro tunc* to December 9, 1991, defendant the Honorable Chester C. Davis assumed jurisdiction over the custody and visitation dispute and adopted the New York Family Court's February 24, 1988, Dispositional Order granting custody to McLeod and forbidding contact between Levine and the child. *Id.* at 7. It appears that Levine did not appeal this order.

After the North Carolina court adopted the New York Dispositional Order, Levine instituted this civil action pursuant to § 1 of the Civil Rights Act, 42 U.S.C. § 1983, in the United States District Court for the Southern District of New York on behalf of both himself and the minor child for declaratory and injunctive relief and monetary damages of fifteen million ($15,000,000) dollars. Defendants have moved to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(3), and for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).[2] The Court concludes that the complaint must be dismissed as to all defendants.

## DISCUSSION

■ Defendants' motions to dismiss must be granted for the following reasons. First, Fed.R.Civ.P. 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). These requirements are designed to compel a plaintiff to identify the relevant circumstances that he claims entitle him to relief in such a manner that the defendants are provided with fair notice to enable them to answer and prepare for trial. *See Salahud-*

*din v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988); *see generally* 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 1217 (2d ed. 1990). However, "[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heat of the claim do not comport with these goals and this system" and must be dismissed. *Prezzi v. Berzak,* 57 F.R.D. 149, 151 (S.D.N.Y.1972); *accord Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (per curiam), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973); *Chodos v. F.B.I.,* 559 F.Supp. 69, 71–72 (S.D.N.Y.), *aff'd,* 697 F.2d 289 (2d Cir.1982), *and cert. denied,* 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983).

Plaintiff's Third Amended Complaint is a virtually incomprehensible document accompanied by numerous "exhibits." It contains only conclusory, vague, and general factual allegations and thus provides the Court with no adequate basis to discern the nature of plaintiff's claims. Viewed in its best light it contains little more than a collection of prolix demands for relief based upon the following conclusory accusations: conspiracy, medical malpractice, adultery, rape, incest, mistaken identity, child and spouse abuse, and deprivation of ostensible constitutional rights such as a right to psychiatric therapy.

Even after a careful review of the complaint and all of the attached exhibits, it is impossible to tell with any degree of certainty what role, if any, the persons or entities named in the Third Amended Complaint played in the alleged conspiracies. Accordingly, since a complaint that does not comply with Rule 8(a) is subject to dismissal under Rule 12(b)(6), *Salahuddin, supra,* 861 F.2d 40 (2d Cir.1988), the Third Amended Complaint must be dismissed.

1. Unif. Child Custody Jurisdiction Act, N.Y. Domestic Relations Law §§ 75–a to 75–z (McKinney & Supp.1993); Unif. Child Custody Jurisdiction Act, N.C.Gen.Stat. §§ 50A–1 to 50A–25 (1992).

2. Certain defendants also move to dismiss on other grounds, namely, res judicata, expiration of the statute of limitations, and improper venue. One defendant, Donna McLeod, also moves for summary judgment pursuant to Fed.R.Civ.P. 56.

Certain defendants have also asked that sanctions be imposed against plaintiff because plaintiff's lawsuit against them is frivolous. In view of the Court's dismissal of plaintiff's claims on the grounds set forth in this memorandum opinion and order, the Court need not reach these other issues. The Court defers consideration of the request for sanctions until formal motions seeking that relief are filed.

In any event, even assuming, *arguendo*, that the Third Amended Complaint should not be dismissed under Fed.Rule Civ.P. 8, it is clear both that the theories of liability advanced in the Third Amended Complaint are untenable and that there is no proper predicate for the exercise of subject matter jurisdiction over these claims or personal jurisdiction over these some of these defendants.

Plaintiff's claims brought under the Civil Rights Act, 42 U.S.C. § 1983, to the extent that they arise out of or are based upon allegedly incorrect or erroneous decisions in the state courts, are not properly within the jurisdiction of this Court. *Lecci v. Cahn*, 493 F.2d 826, 829 (2d Cir.1974). This Court has no jurisdiction to review the correctness of state court decisions. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *see also Coogan v. Cincinnati Bar Ass'n*, 431 F.2d 1209, 1211 (6th Cir.1970). Plaintiff must pursue his available appellate remedies and ultimately seek review in the Supreme Court of the United States. Since, so far as the Court can discern, this is the only alleged basis for his § 1983 claims against certain defendants, they must be dismissed.[3]

Moreover, even assuming, *arguendo*, that this Court has jurisdiction to review the state court proceedings, this Court lacks personal jurisdiction over these defendants for the following reasons.[4]

First, there is no conceivable basis for the exercise of long arm jurisdiction over the State of North Carolina and the Hon. Chester Davis, neither of which has any personal connection to this state or has performed any act here giving rise to plaintiff's claims. Indeed, plaintiff's claim against the State of North Carolina and the Hon. Chester Davis appears to arise solely out of the entry of a custody order on February 21, 1992, by Judge Davis in the Forsyth County District Court. This is clearly not sufficient to estab-

---

3. Contrary to plaintiff's argument in the Third Amended Complaint and the many briefs he has submitted in connection with this motion, *Ankenbrandt v. Richards*, — U.S. —, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), does not confer jurisdiction on this Court. That case held that the domestic relations exception to a federal district court's diversity jurisdiction does not permit a district court to refuse to exercise diversity jurisdiction over a tort action for damages based on allegations of child sex abuse. *Id.* — U.S. at —, 112 S.Ct. at 2215. Since there is no complete diversity between Levine and all of the defendants here, *Ankenbrandt* is clearly inapplicable.

Plaintiff has also cited *Soldal v. Cook County*, — U.S. —, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992), and *Daubert v. Merrell Dow Pharmaceuticals Inc.*, — U.S. —, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), to support this Court's jurisdiction over his claims. These cases could not be more inapposite. *Soldal* held only that a sheriff's presence at an unauthorized civil eviction constituted a "seizure" within the meaning of the Fourth Amendment and therefore was actionable under § 1983. — U.S. at —, 113 S.Ct. at 547. *Daubert* held that the standard for admissibility of expert testimony concerning scientific evidence promulgated in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923), which limited admissibility to evidence that has "gained general acceptance" in the relevant scientific community, was superseded by the adoption of the Federal Rules of Evidence, which permit admission of expert testimony pertaining to "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." — U.S. at —, 113 S.Ct. at 2796 (quoting Fed.R.Evid. 702). Neither of these cases has any relevance here.

4. At oral argument, the Court expressed concern that plaintiff may have lacked standing to bring this action because of his pending bankruptcy proceeding. The Court, therefore, ordered the plaintiff to submit an affidavit setting forth precisely the status of the bankruptcy proceeding, the bankruptcy petition date, the name of the bankruptcy trustee, if any, whether a petition was filed with the Bankruptcy Court or the District Court to authorize the filing of this action, and whether Richard Zelma, Esq., plaintiff's counsel in this action, had been appointed to represent the trustee. Although Levine failed to file this affidavit, his counsel did submit an affirmation that, *inter alia*, indicated that Levine had been discharged from bankruptcy as early as December 1991, *see* Affirmation of Richard Zelma dated September 26, 1992, and an unsigned and undocketed facsimile copy of an ostensible order of discharge that suggests that, although a bankruptcy petition was filed on July 11, 1991, Levine was discharged from bankruptcy on or about December 6, 1991. Since this action was not filed until March 9, 1992, it is not clear that plaintiff's Third Amended Complaint should be dismissed because it was not commenced with an appropriate authorization from the Bankruptcy Court.

lish a basis for personal jurisdiction. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

■ Second, plaintiff's claim against the State of New York and the State of North Carolina must also be dismissed because a state is protected from suit by the Eleventh Amendment, which bars suit against the State of New York and the State of North Carolina in federal court unless the State consents to be sued or Congress enacts legislation overriding the State's Eleventh Amendment immunity. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). This is true whether the plaintiff sues for monetary relief, *Ex Parte New York,* 256 US. 490, 497, 41 S.Ct. 588, 65 L.Ed. 1057 (1921), or declaratory or injunctive relief, *Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam).

■ Third, plaintiff's claim against the Attorney General of New York because of an alleged failure to discharge his duties under state law must be dismissed because this Court lacks subject matter over those claims for injunctive relief based on state law. Levine's claim against the Attorney General, which appears to be based on allegations that the Attorney General's office refused Levine's requests that the Attorney General intervene in the state court proceedings and lobby for a change in a certain bill or law, Third Amended Complaint ¶ 6; *see also id.* Ex. II, seeks an order compelling the Attorney General to comply with plaintiff's interpretation of the Attorney General's duties under N.Y. Executive Law § 63 (McKinney 1982). *See id.* It is settled, however, that federal courts simply do not have jurisdiction to grant injunctive or declaratory relief pursuant to state law against state officials. *Pennhurst State Sch. & Hosp. v. Halderman, supra,* 465 U.S. 89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984).

■ Fourth, plaintiff's claims against New York Supreme Court Judge Vincent Colabella, Westchester Family Court Judge Orazio Bellantoni, North Carolina District Judge Chester C. Davis, the County of Westchester, DSS, CPS, the County Attorney, and Westchester Jewish Community Services must also be dismissed. Although § 1983 imposes liability upon "every person" who deprives another of a constitutional right under color of state law, the doctrine of absolute immunity shields judges from liability related to their judicial or adjudicatory acts, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), prosecutors from liability related to their prosecutorial functions, *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995–96, 47 L.Ed.2d 128 (1976), and witnesses from liability related to their testimony in court proceedings, *Briscoe v. La-Hue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

In *Pierson v. Ray, supra,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court held that the common law absolute immunity of judges was preserved under § 1983 and that that immunity applies "even when the judge is accused of acting maliciously and corruptly." *Id.* at 554, 87 S.Ct. at 1217. It follows that New York Supreme Court Judge Vincent Colabella, Westchester County Family Court Judge Orazio Bellantoni and North Carolina District Judge Chester C. Davis are immune from liability for any actions taken and rulings made in Levine's custody dispute and sex abuse proceeding. No other conduct is asserted as a predicate for their liability.

Likewise, the County of Westchester, DSS, CPS, and the Westchester County Attorney as defendants (collectively, the "Westchester County defendants") are protected by absolute prosecutorial immunity. Levine's claims against these defendants appear to be based upon allegations that the County defendants ignored Levine's protestations of innocence and mistaken identity and "prosecuted the wrong person." Third Amended Complaint ¶ 8. Recognizing that "agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts",

*Butz v. Economou,* 438 U.S. 478, 515, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978), this Circuit has held that individuals who ·initiate and prosecute child protective orders are entitled to absolute governmental immunity in an action for damages under § 1983 for their conduct in initiating a prosecution. *Walden v. Wishengrad,* 745 F.2d 149, 152 (2d Cir.1984). Indeed, this immunity even protects such prosecutors when charged with using false evidence. *Imbler v. Pachtman, supra,* 424 U.S. 409, 431, 96 S.Ct. 984, 995–96, 47 L.Ed.2d 128 (1976). Therefore, the County defendants clearly are entitled to absolute immunity with respect to their· filing and litigating the family court petitions against plaintiff despite his protestations of innocence and mistaken identity.

Similarly, Westchester Jewish Community Services is also absolutely immune from liability. The Third Amended Complaint makes no reference to Westchester Jewish Community Services other than to allege that it employed a Mr. Kaufman. Third Amended Complaint ¶ 7. Plaintiff has submitted, however, an unofficial synopsis of what seems to be direct and cross examinations of Mr. Kaufman at an unidentified hearing on various dates in January and February 1987. Third Amended Complaint Ex. K. Therefore, as far as the Court can tell, Levine's claim against Westchester Jewish Community Services arises out of the fact that it provided a social worker, Mr. Kaufman, to evaluate and testify on whether or not the child was a victim of sexual abuse.

It is settled, however, that a witness has absolute immunity from § 1983 liability. *Briscoe v. LaHue, supra,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Therefore, to the extent that plaintiff's claim against Westchester Jewish Community Services is based on harm allegedly caused by a witness's testimony, Westchester Jewish Community Service's witness is also protected from a suit under § 1983 for his testimony in the state court proceedings. Accordingly, the Third Amended Complaint must be dismissed as to Westchester Jewish Community Center.

■ Fifth, plaintiff's claim against the child's law guardian must be dismissed because plaintiff's Third Amended Complaint fails to meet the essential requirement that a defendant in a § 1983 case must act under color or state law. To the extent that Levine claims that the child's law guardian, Maria Joy Frank, has violated his Constitutional rights through her representation of the child in the custody and sex abuse proceedings, this Court is persuaded by the Tenth Circuit's holding in *Meeker v. Kercher,* 782 F.2d 153 (10th Cir.1986), that law guardians do not represent their clients under color of state law for purposes of § 1983 when they function as fiduciaries who must act in a minor's best interest. *Id.* at 155. In *Meeker,* the Tenth Circuit ·reasoned that such public servants are analogous to public defenders, who assume no "obligation to the mission [of] the state" but rather owe a duty of undivided loyalty to protect a private individual's interest and exercise independent professional judgment in carrying out that duty. *Id.* at 155 (quoting *Polk County v. Dodson,* 454 U.S. 312, 320, 102 S.Ct. 445, 450–51, 70 L.Ed.2d 509 (1981)); *see also Neustein v. Orbach,* 732 F.Supp. 333 (E.D.N.Y.1990).

All of the conduct alleged in the Third Amended Complaint that is attributable to Frank, such as interviews of the child, conferences with various health care and social work professionals, and appearances before the Family Court and the New York Supreme Court, pertains to her function as a representative of the minor child in the custody and child abuse proceedings.

■ Finally, after a careful review of the Third Amended Complaint, the only discernable claim against McLeod, that she conspired to use the state court system to plaintiff's detriment, must be dismissed because McLeod is not a state actor. In order to state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant deprived the plaintiff of a right guaranteed by the Constitution or laws of the United States "under color of any statute" of the State of New York. *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1977). Mere misuse of a state process or statute, absent a claim that the state statutory scheme is in itself uncon-

stitutional, is insufficient to sustain a § 1983 claim. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 940–41, 102 S.Ct. 2744, 2755–56, 73 L.Ed.2d 482 (1982). There is thus no legal support for plaintiff's claim that McLeod's "conduct is . . . raised to § 1983 standards" because "she has caused plaintiff intentional infliction of emotional distress, . . . and has been given free access to the judicial system to accomplish this." Third Amended Complaint ¶ 15. *See also Merrick v. Merrick,* 441 F.Supp. 143, 146 (S.D.N.Y.1977); *Stevens v. Frick,* 372 F.2d 378 (2d Cir.1967), *cert. denied* 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967); *Gras v. Stevens,* 415 F.Supp. 1148, 1152 (S.D.N.Y.1976) (three-judge court, Friendly, J.).

## CONCLUSION

For the reasons stated above, Defendants motions to dismiss shall be and hereby are granted. The Third Amended Complaint is dismissed with prejudice. The Clerk of Court is directed to close the above-captioned action.

It is. **SO ORDERED.**