Andrew LEVINE and Shawne
L., Plaintiffs,

v.

COUNTY OF WESTCHESTER, Office of the Department of Social Services of Westchester County, Office of Child Protective Services of Ossining, NY, Offices of the County Attorneys of Westchester, NY, Attorney General of the State of New York, Office of Jewish Community Services, Maria Joy Frank, Donna McLeod, State of New York, State of North Carolina, Hon. Orazio Bellantoni, Hon. Vincent Colabella and Hon. Chester Davis, Defendants.

No. 92 Civ. 1702 (JES).

United States District Court,
S.D. New York.

Feb. 2, 1996.

Andrew Levine, Brooklyn, New York, pro se.

Richard Zelma, New York City, for Plaintiff.

Gold & Duker, White Plains, New York (Naomi R. Duker, of counsel), for Defendant Donna McLeod.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Andrew Levine brings the instant action on behalf of himself and his daughter against the State of New York, the State of North Carolina, the County of Westchester, various county agencies, various state court judges and his former wife, Donna McLeod (collectively "defendants"). By Memorandum Opinion and Order dated July 30, 1993, the Court granted defendants' motions to dismiss. Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), defendant McLeod now moves for sanctions against Levine and his former counsel of record, Richard Zelma.

## BACKGROUND

The facts underlying the instant action, which will be briefly summarized, are set forth in the earlier opinion by the Court. *See Levine v. County of Westchester,* 828 F.Supp. 238 (S.D.N.Y.1993).

Andrew Levine and Donna McLeod were married in 1980. *See Levine,* 828 F.Supp. at 240. On or about November 3, 1986, McLeod filed for divorce in the Supreme Court of the State of New York, Westchester County. *Id.* On December 1, 1986, McLeod filed a family offense petition in the Family Court of the State of New York alleging, *inter alia,* that Levine had sexually abused their five year old child. *Id.* On February 24, 1988, the state court concluded that Levine had sexually abused the child, granted custody to McLeod and issued a permanent order of protection on behalf of the child. *Id.*

On March 9, 1992, Levine commenced the instant civil rights action against defendants, seeking declaratory and injunctive relief in a complaint comprised of 121 pages, 204 paragraphs and 25 exhibits. On March 13, 1992, Levine filed an "Amended Complaint" comprised of 116 pages, 203 paragraphs and 25 exhibits. On May 18, 1992, Levine filed another "Amended Complaint" comprised of 101 pages and 260 paragraphs, but no exhibits. On June 3, 1992, Levine filed a "Second Amended Complaint" comprised of 101 pages, 310 paragraphs and 34 exhibits. On July 8, 1992, Levine filed a "Third Amended Complaint" comprised of 50 pages, 204 paragraphs and 43 exhibits.

Between August 7, 1992 and August 25, 1992, defendants moved to dismiss the Third Amended Complaint on the grounds of, *inter alia,* lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief may be granted.[1] By Memorandum Opinion and Order dated July 30, 1993, the Court dismissed the instant action as to all defendants.

---

1. At that time, certain defendants raised the issue of sanctions under Rule 11. However, the Court deferred consideration of the requests for sanctions until the filing of formal motions. *See Levine,* 828 F.Supp. at 241, n. 2.

On August 5, 1993, Levine filed a notice of appeal. On November 22, 1993, defendant McLeod moved for Rule 11 sanctions against then counsel of record for Levine, Richard Zelma. By Order dated April 19, 1994, the Court denied the motion for sanctions in light of the pending appeal. On March 2, 1994, the Second Circuit affirmed the district court's dismissal of Levine's claims and awarded reasonable appellate attorneys' fees to McLeod, in an amount to be determined by the district court not to exceed $6,000.00. *See Levine v. Dept. of Social Services,* 22 F.3d 1090 (2d Cir.1994).

On August 9, 1994, Zelma moved to withdraw as counsel for Levine, *nunc pro tunc* as of July 15, 1994.[2] By Order dated November 29, 1994, the Court granted the motion to withdraw as counsel, effective that day.

On December 16, 1994, defendant McLeod filed the instant motion for Rule 11 sanctions against both Levine and Zelma, now his former counsel of record. On May 5, 1995, the Court heard oral argument on the motion. Since that time, Zelma has filed no less than sixteen affirmations and legal memoranda with the Clerk of Court. In these affirmations and memoranda, Zelma argues, for the most part, that the Court erroneously decided the underlying action and that the Second Circuit erroneously affirmed that decision.

## DISCUSSION

■ Rule 11, which is designed to deter baseless filings and curb abusive litigation, *see Business Guides, Inc. v. Chromatic Comm. Enters., Inc.,* 498 U.S. 533, 553, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991), imposes an affirmative duty to conduct a reasonable inquiry into the factual and legal viability of claims. *See Eastway Constr. Corp. v. New York,* 762 F.2d 243, 253 (2d Cir.1985).

In December 1993, Rule 11 was amended in several respects. *See generally Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1326–29

(2d Cir.1995) (discussing amended Rule 11). The amended rule creates a 21–day "safe harbor" period for the withdrawal of frivolous factual or legal contentions. Fed. R.Civ.P. 11(c)(1)(A). The amended rule also requires that arguments "for the extension, modification, or reversal of existing law" be "nonfrivolous," rather than made in "good faith." Fed.R.Civ.P. 11(b)(2). In addition, the amended rule now provides that "monetary sanctions may not be awarded against a represented party" for frivolous legal arguments. Fed.R.Civ.P. 11(c)(2)(A). Finally, under the amended rule, the district court is now afforded discretion in determining whether to impose sanctions upon a finding of sanctionable conduct. Fed.R.Civ.P. 11(c).

■ The application of amended Rule 11, which became effective December 1, 1993, was considered by the Second Circuit in *Knipe v. Skinner,* 19 F.3d 72, 77–78 (2d Cir.1994).[3] In *Knipe,* the Second Circuit remanded for the district court to exercise its discretion in determining whether to impose sanctions under the amended Rule 11. *See Knipe,* 19 F.3d at 78. However, the court added that "[a]ny further retroactive application of the amended Rule 11 would charge ... knowledge of a rule not in effect at the time of filing and therefore would not advance Rule 11's central goal of deterring baseless filings." *Id.* (citing *Cooter & Gell,* 496 U.S. at 393, 110 S.Ct. at 2454). Thus, while the Court may impose sanctions in its discretion, in exercising that discretion the Court must apply the pre-amended Rule 11 to this sanctionable conduct, which occurred primarily prior to December 1, 1993. *See Knipe,* 19 F.3d at 78; *see also MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,* 73 F.3d 1253 (2d Cir.1996) (pre-amended rule applies to allegedly sanctionable conduct that occurred prior to effective date of 1993 amendments); *Sussman v. Bank of Israel,* 56 F.3d 450, 456 (2d Cir.1995) (pre-amended rule applies to action filed in 1991 and decided in 1994).

---

**2.** At that time, Zelma also moved for both a permanent injunction and an award of sanctions against Levine. In the same Order, however, the Court denied those motions.

**3.** The amended Rule 11 governs "all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." 146 F.R.D. 404 (Apr. 22, 1993) (Supreme Court order amending the Federal Rules of Civil Procedure).

■ The instant action is unquestionably frivolous, particularly as to defendant McLeod. Not only does it fail to set forth any colorable basis for personal jurisdiction against McLeod, but it also appears to challenge the correctness of numerous state court decisions, which a federal district court clearly lacks subject matter jurisdiction to review. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–84, 103 S.Ct. 1303, 1314–16, 75 L.Ed.2d 206 (1983). Moreover, there is no allegation that Levine was deprived of any constitutional right by McLeod, who is not even arguably a state actor. *See Levine*, 828 F.Supp. at 244–45. Indeed, in awarding reasonable appellate attorneys' fees on appeal, the Second Circuit observed that "[t]he appeal is frivolous with respect to all defendants, but particularly as to Donna McLeod." *Levine v. Department of Social Services*, 22 F.3d 1090 (2d Cir.1994). Therefore, based upon the entire record herein, the Court concludes that a monetary sanction to cover defendants' costs and attorneys' fees is appropriate.

■ The Court must now determine the appropriate amount of sanctions in connection with both the district court and appellate proceedings. In her first motion for sanctions, McLeod sought $10,805.20 in connection with defending the underlying action, $2,887.50 in connection with the first motion itself and any future fees incurred in relation thereto. Affirmation of Naomi Duker in Support of Motion for Sanctions, Dated Nov. 10, 1993, ¶¶ 10–11, 14, Exhs. B, C, Attached to Duker Notice of Motion, Dated Dec. 16, 1994, Exh. A. ("First Duker Aff."). The first motion requested a total of $15,000.00 in sanctions. *Id.* ¶ 14.

In the instant motion for sanctions, McLeod seeks an unspecified amount in connection with defending the underlying action, $3,862.15 in connection with the first motion for sanctions, an unspecified amount in connection with the instant motion itself and any future fees incurred in relation thereto. Affirmation of Naomi Duker in Further Support of Motion for Sanctions, Dated Dec. 14, 1994, ¶¶ 6, 10–11, Exhs. A, D, E ("Second Duker Aff."). The instant motion initially requested a total of $17,900.00 in sanctions. *Id.* ¶ 11. However, in a supplemental affirmation, McLeod now seeks a total of $19,527.94 in sanctions. Supplemental Affirmation of Naomi Duker, Dated April 28, 1995 ¶ 7.

In determining the amount of the sanctions, however, the Court must be mindful of the fact that a concededly frivolous claim should not reasonably require an enormous expenditure of time and effort to refute. The Court must also take into consideration that the two motions for sanctions and indeed the legal arguments made in opposing Levine's claims are largely based upon the same or nearly identical legal arguments and thus necessarily involves some duplication of effort which must necessarily give rise to a reduction in the amount of sanctions claimed. The Court is aware, however, that counsel for plaintiff has manifested a tendency to file overly lengthy complaints and send endless correspondence which have increased the cost of this litigation.

In sum, applying all of these factors to this case, the Court, in its discretion, concludes that McLeod should be awarded a total of $7,500.00 in sanctions for the district court proceedings and $3,000.00 in sanctions in connection with the appeal in this case.[4] *See Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir.1987) (noting that amount of Rule 11 sanctions need not equal traditional lodestar amount).

■ Not surprisingly, Levine and Zelma strongly contest the proper allocation of the imposed sanctions between attorney and client. The allocation of attorneys' fees between a party and counsel lies within the sound discretion of the district court. *See Eastway*, 821 F.2d at 124. In this case, Zelma continues to maintain his frivolous legal position concerning the issues of personal and subject matter jurisdiction, First

---

4. McLeod claims that $5,561.50 in attorneys' fees and expenses were incurred on appeal.

Second Duker Aff. ¶ 7, Exh. G.

Duker Aff. ¶7, despite repeated admonitions by the Court.[5] *See Paganucci v. City of New York*, 993 F.2d 310, 312–13 (2d Cir. 1993). Where, as here, the underlying facts are largely undisputed, counsel is primarily responsible for ascertaining whether claims are supported by existing law or a non-frivolous argument for the extension thereof. *See Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1488, 1492 (8th Cir.1994). Indeed, that concept is reflected in the amended Rule 11. Thus, in its discretion, the Court imposes the sanctions upon Zelma.[6]

## CONCLUSION

For the reasons set forth above, defendant McLeod's motion for sanctions shall be and hereby is granted. The Court awards sanctions in the amount of $7,500.00 against Richard Zelma in connection with the district court proceedings. As per the Second Circuit mandate, the Court awards sanctions in the amount of $3,000.00 against Richard Zelma in connection with the appellate proceedings.

It is **SO ORDERED.**

---

5. On or about August 30, 1995, Zelma filed another affirmation and memorandum to the Second Circuit which again sought to restore the instant action on behalf of the child.

6. In its mandate, the Second Circuit did not indicate against whom the appellate sanction should be imposed. *See Levine v. Department of Social Services*, 22 F.3d 1090 (2d Cir.1994). At oral argument on the instant motion, however, counsel for McLeod represented that the appellate application was made against Zelma, rather than Levine. Thus, by granting that application for sanctions, the Second Circuit *sub silentio* granted the sanction against Zelma.