Richard X. KNIPE, Glenn A. Valentine, and Bernard C. Ford, Plaintiffs,

v.

Samuel K. SKINNER, Secretary of the Department of Transportation; James B. Busey, IV, Administrator of the Federal Aviation Administration; et al., Defendants.

No. 91–CV–1338.

United States District Court, N.D. New York.

Feb. 22, 1993.

filed a motion for sanctions pursuant to Fed.R.Civ.P. 11. In a letter to the court dated December 8, 1992, Plaintiffs' counsel informed the court that he did not intend to respond to the motion for sanctions unless the court issued an order to show cause. Also in this letter Plaintiffs' counsel suggested that the appropriate procedure for considering such a motion was by order to show cause, and requested that he be given a hearing on the motion and an opportunity to conduct discovery.

In response to this letter, a Memorandum To All Counsel, dated December 16, 1992 was issued by the court which directed Plaintiffs' counsel to file opposition papers on or before 1/1/93 or to advise the court of his intention not to oppose the motion. On December 28, 1992 Plaintiffs' counsel filed his opposition to the motion for sanctions, which included a request for a continuance of the motion pending appeal and a hearing on the issue of sanctions. In an order dated January 22, 1993, the court denied Plaintiff's request for a continuance and a hearing, and directed him to respond in writing to the instant motion for sanctions. For the reasons discussed below, the defendants' motion for sanctions is granted.

Office of Lawrence B. Smith (Lawrence B. Smith, of counsel), Tucson, for plaintiffs.

United States Dept. of Justice (Helena Goldberg, Rebeca O. Hidalgo, Nina Pelletier, of counsel), Torts Branch, Civ. Div., Washington, DC, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

In a decision rendered from the bench on October 23, 1992 the court granted the defendants' motion to dismiss the complaint in its entirety. Pursuant to an order signed by the court on October 26, 1992, the Clerk entered judgment in favor of the defendants on October 27, 1992. On November 20, 1992 Plaintiffs appealed that decision and judgment.

Prior to the filing of the Notice of Appeal, on November 11, 1992 the defendants

## DISCUSSION

### A

Sanctions under Fed.R.Civ.P. 11 should only be employed when necessary to deter frivolous conduct and curb abuses of the courts. *See generally Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 397, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990) (Rule 11 is directed at curbing abuses in the judicial system). Moreover, the sanction imposed should only be that amount "thought reasonable to serve the sanctioning purpose of the rule." *Eastway Construction Corp. v. The City of New York*, 821 F.2d 121, 123 (2d Cir.), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). By requiring an attorney to sign all pleadings, motions and other papers filed with the court, Rule 11 places primary responsibility on the signing party for mak-

ing a reasonable inquiry into the basis for the signed document. The attorney's signature constitutes a certificate that he/she

"has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry *it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose . . .*" Fed.R.Civ.P. 11 [emphasis added].

If such a document is signed in violation of the Rule, the court "shall" impose sanctions. Indeed, once a violation of Rule 11 is found, the imposition of sanctions is mandatory. *See O'Malley v. New York City Transit Authority*, 896 F.2d 704, 706 (2d Cir.1990); *Norris v. Grosvenor Marketing, Ltd.*, 803 F.2d 1281, 1288 (2d Cir.1986).

■ In determining whether a violation of Rule 11 has occurred, the court applies an objective standard, rather than a subjective one. *Eastway Construction Corporation v. City of New York*, 762 F.2d 243 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). If at the time a complaint is signed, it is not well grounded in fact and warranted by either existing law or a *good faith* argument for the extension or modification of the law, the rule has been violated. Likewise, where it is clear that the pleading is interposed for an improper purpose the rule is violated. However, a party seeking sanctions need not prove both lack of good faith basis and improper purpose, proof of either will justify the sanctions. *See Id.* at 254.

In determining whether a pleading lacked a good faith basis the court must be mindful of the fine "line between zealous advocacy and frivolous conduct." *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1343 (2d Cir. 1991). The court in *Eastway Construction* warned that "we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law", and then directed that "any and all doubts must be resolved in favor of the signer." *Eastway,*

762 F.2d at 254. Therefore, "not all unsuccessful legal arguments are frivolous or warrant sanction." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir.1990), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). Only where it is "patently clear" at the time of the signing that a claim has no chance of success *under existing law*, and where no reasonable argument can be advanced to modify existing law are sanctions warranted.

Here, the defendants argue in support of their motion that the complaint signed by Plaintiffs' counsel lacked any good faith basis in law; and that it was interposed solely for the purpose of harassment.

### B

■ The defendants maintain that the arguments advanced by Plaintiffs' counsel in support of the instant complaint were presented to four different circuit courts, and rejected each time. *See Go Leasing v. National Transportation Safety Board*, 800 F.2d 1514 (9th Cir.1986); *Rochna v. National Transportation Safety Board*, 929 F.2d 13 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 305, 116 L.Ed.2d 248 (1991); *Tearney v. National Transportation Safety Board*, 868 F.2d 1451 (5th Cir.), *cert. denied*, 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989); and *Komjathy v. National Transportation Safety Board*, 832 F.2d 1294 (D.C.Cir.1987) (*per curiam*), *cert. denied*, 486 U.S. 1057, 108 S.Ct. 2825, 100 L.Ed.2d 926 (1988). Plaintiff's counsel argues here, as he did in opposition to the motion to dismiss, that these cases were wrongly decided.

Instead of attempting to distinguish the various decisions of the courts of appeals cited by Defendants, Plaintiff's counsel provides the court with his own legal analysis of the issue presented by the instant complaint and the complaints in the cases relied upon by Defendants. Essentially, he argues that his law review article, Smith, *FAA Punitive Certificate Sanctions: The Emperor Wears No Clothes; or, How Do You Punish A Propeller?*, 14 Transp.L.J. 59–100 (1985), points out the mistakes

made by the courts of appeals on the issues involved.

Although the district courts consider the wisdom of legal scholars that is found in law review articles, scholarly treatises and the like, there can be no doubt that decisions of the courts of appeals, on the other hand, are of precedential value. Certainly, this is not to suggest that counsel should hesitate to express disagreement with the decisions of the courts of appeals. Indeed, where counsel makes a reasonable argument for the extension, modification, or reversal of such decisions he/she is protected from Rule 11.

As Defendants point out, the court of appeals decisions principally relied upon in the motion to dismiss were all decided after publication of Plaintiff's counsel's article. Therefore, the pleading signed in this matter had no chance of success under the law existing at the time. But there can be no dispute that Plaintiff's counsel is arguing for a modification, indeed a reversal, of that existing law. The central issue therefore is whether this argument is a reasonable one.

Because Plaintiff's counsel has advanced the arguments contained in his law review article to the Ninth, First, Fifth and District of Columbia Circuits with no success, and has provided this court with no arguments that the Second Circuit would receive these arguments with any more favor, applying the objective standard discussed above, and resolving all doubts in favor of the non-movant, the court finds that Plaintiff's counsel's arguments are not reasonable. Plaintiff's counsel has crossed the line between zealous advocacy and frivolous conduct. He has provided this court with no intervening Supreme Court or court of appeals decisions which would support his legal theories; instead he simply insists that the courts are wrong.

The court does not question Plaintiff's counsel's personal beliefs, nor does the court find that those beliefs are anything but completely sincere. And for this reason, the court cannot find that the complaint was interposed for an improper purpose such as harassment. However, the

precise arguments advanced in this court have been soundly rejected by the courts of appeals for the Ninth, First, Fifth and District of Columbia Circuits; and notwithstanding those decisions Plaintiff's counsel persists in making these arguments. As this court's October 23, 1992 decision makes clear, the instant complaint had no basis in existing law, and Plaintiff's counsel has not made a reasonable argument for modification of that law. Therefore, the court finds that Rule 11 has been violated and that sanctions are warranted.

### CONCLUSION

Based upon the foregoing discussion, the court finds that Plaintiff's counsel violated the provisions of Fed.R.Civ.P. 11 and therefore sanctions under that rule are warranted. Defendants have until March 1, 1993 to file and serve any submissions concerning the appropriate amount of sanctions, and Plaintiff's counsel has until March 10, 1993 to file and serve any opposition thereto.

IT IS SO ORDERED.