**Richard X. KNIPE, Glenn A. Valentine, and Bernard C. Ford, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 92–CV–1389.**

United States District Court, N.D. New York.

Aug. 19, 1993.

Office of Lawrence B. Smith, Tucson, AZ (Lawrence B. Smith, of counsel), for plaintiff.

U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC (Robert A.K. Doehl, Wendy L. Rome, of counsel), for defendants.

## DECISION & ORDER

THOMAS J. McAVOY, Chief Judge.

Plaintiffs were the subjects of certain orders of the Federal Aviation Administration (FAA) concerning alleged safety violations in the summer and fall of 1988. The instant action is the second of two actions filed by plaintiffs' counsel challenging the FAA's enforcement authority in issuing the orders. In the first of the two actions, *Knipe v. Skinner*, 91–CV–1338 (TJM), plaintiffs' counsel challenged this authority and sought damages for violations of plaintiffs' civil rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). For the reasons expressed by the court on October 23, 1992, that case was dismissed. Plaintiffs unsuccessfully appealed that ruling to the Second Circuit Court of Appeals. *See Knipe v. Skinner*, 999 F.2d 708 (2d Cir. August 2, 1993). In a later decision, reported at 146 F.R.D. 58, the court found that plaintiffs' counsel had violated Rule 11 of the Federal Rules of Civil Procedure by filing the *Knipe v. Skinner* complaint. After giving plaintiffs' counsel an opportunity to contest the amount of sanctions requested by defendants, the court issued an order on March 20, 1993 which imposed sanctions on plaintiffs' counsel in the amount of $9,000.00. That order is currently pending appeal to the Second Circuit Court of Appeals.

Four days after the court dismissed the first action, plaintiffs' counsel brought the instant action, which is based upon the same set of facts as the first action, but seeks recovery under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* In a decision rendered from the bench on April 12, 1993 the court granted defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). First, the court ruled that inasmuch as the complaint stated the same claims as the complaint in *Knipe v. Skinner*, it was dismissed based upon the principles of *res judicata*. However, the court also ruled that it lacked subject matter jurisdiction over the case; and further that the allegations in the complaint fell within the discretionary function exception to the waiver of sovereign immunity contained in the Federal Tort

Claims Act. The clerk entered judgment accordingly on April 30, 1993.

In addition to moving for dismissal of the action, defendant also moved for the imposition of sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. Defendant argues that plaintiffs' counsel has advocated arguments already rejected and that he has filed the instant complaint for an improper purpose. Plaintiffs' counsel had not adequately responded to the motion for sanctions at the time of oral argument; therefore, the court reserved decision on that motion and directed plaintiffs' counsel to submit his response in writing. Now, having considered the arguments for and against the imposition of sanctions, for the reasons expressed below the court finds that Rule 11 of the Federal Rules of Civil Procedure has been violated and that sanctions are justified.

As this court stated in *Knipe v. Skinner*, "[i]n determining whether a violation of Rule 11 has occurred, the court applies an objective standard, rather than a subjective one. *Eastway Construction Corporation v. City of New York*, 762 F.2d 243 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987)." 146 F.R.D. at 60. Sanctions are justified under Rule 11 where a pleading is interposed for an improper purpose, or where a pleading lacks a good faith basis in the law. *Id.* Although plaintiffs' counsel brought this second case under the Federal Tort Claims Act, his arguments concerning the enforcement authority of the FAA are no different than they were in the prior action. And as noted in *Knipe v. Skinner*, plaintiffs' counsel has advanced the same arguments "to the Ninth, First, Fifth and District of Columbia Circuits with no success," *id.* at 61; therefore applying an objective standard, the court finds that plaintiffs' counsel's unfailing persistence in pursuing these frivolous arguments alone warrants sanctions under Rule 11.

The court recognizes that plaintiffs' counsel asserts at page 29 of his memorandum in opposition to the motion for sanctions that "[t]he core issues in this case have nothing to do with attacking FAA enforcement authority ...". Be that as it may, the court finds that the central focus of plaintiffs' counsel

arguments, and the central focus of the instant complaint, is the FAA enforcement authority. Several pages of plaintiffs' counsel's response to the motion to dismiss and his response to the motion for sanctions are devoted to advancing the same arguments as were previously rejected. As the court stated in its oral decision on April 12, 1993,

"it is crystal clear that plaintiffs' counsel is simply attempting another creative avenue to beat a dead horse. The root of this action, the previous one decided by this court, and countless other actions filed by plaintiffs' counsel is his own personal belief that the Federal Aviation Administration lacks the authority to do what it has done in this case."

Not only has plaintiffs' counsel failed to recognize the error of his ways concerning these arguments, and therefore violated Rule 11; but the court finds that the instant action was filed with an improper purpose in violation of Rule 11. *Cf. Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986) ("Without question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11").

The first of plaintiffs' two actions, *Knipe v. Skinner*, was dismissed by the court on Friday, October 23, 1992. The following Tuesday, just four days after the first action was dismissed, plaintiffs' counsel filed the instant action which, as previously noted, sought to relitigate many of the same issues already decided. He attempted to disguise this action as one under the Federal Tort Claims Act. However, at no time prior to the dismissal of the first action did plaintiffs' counsel advance this new-found theory of liability, nor did he ever seek to amend the first complaint to include this novel approach. These facts, along with the fact that counsel's arguments have been repeatedly rejected by district courts and circuit courts alike, lead the court to conclude that the instant complaint was filed with an improper purpose.

In *Knipe v. Skinner* this court stated that it did "not question Plaintiffs' counsel's personal beliefs, nor [did] the court find that those beliefs are anything but completely sincere. And for this reason, the court [did]

not find that the complaint was interposed for an improper purpose such as harassment." *Knipe*, 146 F.R.D. at 61. The court remains unwilling to question the strength of plaintiffs' counsel's personal beliefs, or indeed the sincerity with which he advocates them. His sincere devotion to these beliefs is apparent from the papers submitted, his oral presentations to the court, and his law review article, *Smith, FAA Punitive Certificate Sanctions: The Emperor Wears No Clothes; or, How Do You Punish A Propeller?*, 14 Trans.L.J. 59–100 (1985). However, his persistence in advocating these arguments suggests to the court that he is pursuing a personal agenda against the FAA. The court is unwilling to permit plaintiffs' counsel to advocate previously rejected arguments incognito solely as a back door attempt to further his personal agenda against the FAA. Plaintiffs' counsel has again crossed the line between zealous advocacy and frivolous conduct.

## CONCLUSION

Based upon the foregoing discussion, the court finds that plaintiffs' counsel has violated Rule 11 by interposing a pleading which has no good faith basis in the law for an improper purpose. In light of this finding, the court need not reach defendant's arguments under 28 U.S.C. § 1927. Defendant's counsel has until August 27, 1993 to file and serve any submissions concerning the appropriate amount of sanctions, and plaintiffs' counsel has until September 3, 1993 to file and serve any opposition thereto.

**IT IS SO ORDERED.**