19 F.3d 72
 62 USLW 2670, 28 Fed.R.Serv.3d 557
 Richard X. KNIPE, Glenn A. Valentine, Bernard C. Ford, Plaintiffs,
Lawrence B. Smith, Esq., Appellant,
v.
Samuel K. SKINNER, Secretary, Dept. of Transportation, James
B. Busey, IV, Administrator-FAA, C. Dean McGrath, Jr.,
Acting General Counsel Dept. of Transportation, Neil R.
Eisner, Assistant General Counsel Dept. of Transportation,
Kenneth P. Quinn, Chief Counsel, FAA, Gregory S. Walden,
Former Chief Counsel, FAA, Daniel D. Campbell, General
Counsel, National Transportation Safety Board, John M.
Stuhldreher, Former General Counsel, National Transportation
Safety Board, John H. Cassady, Deputy Chief Counsel, FAA,
Donald P. Byrne, Assistant Chief Counsel, FAA, Peter J.
Lynch, Lawyer, FAA, Mardi R. Thompson, Lawyer, FAA, Karen R.
Bury, Lawyer, FAA, Joseph A. Conte, Lawyer, FAA, Harry S.
Gold, Lawyer, FAA, Lorretta E. Alkalay, Assistant Chief
Counsel, FAA, Randy E. Hyman, Lawyer, FAA, Brunhilda
Sanders-Lane, Lawyer, FAA, Daniel J. Peterson, Regional
Director, FAA, Thomas Accardi, Official, FAA, Nicholas A.
Sabatini, Official, FAA, Charles G. O'Neill, Official, FAA,
Roy E. Johnsen, Former Official, FAA, Stephen W. Smith,
Inspector, FAA, Martin J. Ingram, Inspector, FAA, Robert E.
Martin, Official, FAA, George Murgitroyde, Official, FAA,
Mark Pandelogou, Inspector, FAA, Robert D. Murchland,
Inspector, FAA, Edward Harahush, Inspector, FAA, Marinus
"Rene" Koch, Inspector, FAA, Defendants-Appellees.
Richard X. KNIPE, Glenn A. Valentine, and Bernard C. Ford, Plaintiffs,
Lawrence B. Smith, Esq., Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 854, 1335, Dockets 93-6093, 93-6297.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 14, 1994.
Decided March 3, 1994.
 
 Lawrence B. Smith, pro se.
 Pierre R. St. Hilaire (Frank W. Hunger, Asst. Atty. Gen., Gary L. Sharpe, U.S. Atty., Helene M. Goldberg, Director, Torts Branch, Civil Div., U.S. Dept. of Justice, Nina S. Pelletier, Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., of counsel), for defendants-appellees Samuel K. Skinner, et al.
 Wendy L. Rome, Trial Atty., U.S. Dept. of Justice, Washington, DC (Frank W. Hunger, Asst. Atty. Gen., Gary L. Sharpe, U.S. Atty., James Woods, Asst. U.S. Atty., Robert A.K. Doehl, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, of counsel), for defendant-appellee U.S.
 Before: NEWMAN, Chief Judge, WINTER and JACOBS, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 In these consolidated appeals, Lawrence B. Smith, counsel for plaintiffs Richard X. Knipe, Glenn A. Valentine and Bernard C. Ford, appeals from two decisions by Chief Judge McAvoy sanctioning Smith pursuant to Fed.R.Civ.P. 11. In Knipe v. Skinner, 146 F.R.D. 58 (N.D.N.Y.1993), the district court concluded that Smith had violated Rule 11 by filing a complaint that was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. In Knipe v. United States, 151 F.R.D. 24 (N.D.N.Y.1993), the district court again sanctioned Smith under Rule 11 after concluding that he had filed a complaint lacking a good faith basis in law for an improper purpose.
 
 
 2
 We hold that the district court properly imposed sanctions pursuant to Rule 11 as it existed at the time of the decisions from which Smith appeals. However, we remand so that the district court may exercise its discretion whether to impose sanctions as provided in the 1993 amendments to Rule 11.
 
 BACKGROUND
 
 3
 The events underlying this appeal are described generally in Knipe v. Skinner, 999 F.2d 708, 709 (2d Cir.1993). We briefly summarize those events and add additional background relevant to this appeal.
 
 
 4
 Knipe was the owner and operator of Mall Airways, Inc. ("Mall"), a commuter airline based in Albany, New York. Valentine and Ford were managers of Mall. In 1988, the Federal Aviation Administration ("FAA") conducted an investigation of Mall and determined that the airline was violating Federal Airline Regulations ("FARs") pertaining to emergency safety requirements. The FAA threatened a certificate action against the airline and then closed Mall for two months until it complied with the FARs. In addition, it unsuccessfully attempted to revoke Valentine's and Ford's FAA-issued Airline Transport Pilot certificates and charge Knipe with civil penalties for the FAR violations. See 49 U.S.C. app. Secs. 1429(a), 1471(a)(1).
 
 
 5
 After the inspection, Mall entered into a consent order under which it agreed not to resume operations without prior permission from the FAA. It also agreed to remove Valentine and Ford from their management positions. Mall then terminated the employment of Valentine and Ford and resumed its operations. Mall has subsequently been sold to another airline.
 
 
 6
 The action underlying the first of these consolidated appeals was initiated when plaintiffs Knipe, Valentine and Ford, with Smith as counsel, brought suit against thirty-one present and former federal officials of the FAA, Department of Transportation ("DOT"), and National Transportation Safety Board ("NTSB") (collectively "appellees") in their individual capacities, seeking damages from the defendants personally under Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See Knipe v. Skinner, 91-CV-1338 (N.D.N.Y. Oct. 23, 1992), aff'd 999 F.2d 708 (2d Cir.1993). Asserting nineteen claims for relief, plaintiffs alleged that appellees violated various constitutional provisions in their enforcement of the Federal Aviation Act of 1958, 72 Stat. 731, as amended, 49 U.S.C. app. Sec. 1301 et seq. ("the FA Act").
 
 
 7
 The district court dismissed plaintiffs' complaint, holding that the appellees had acted within the scope of their statutory and regulatory power, that the Fifth and Sixth Amendments had not been violated, and that the FA Act was constitutional. In Knipe v. Skinner, 999 F.2d at 709-11, we affirmed the dismissal of the complaint. Following the dismissal of the complaint, appellees moved in the district court for sanctions against Smith, pursuant to Rule 11. The district court granted the motion, concluding that the complaint was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. The government requested sanctions in the amount of $9,212.39, a figure chosen to reflect attorneys' fees and travel expenses. When Smith failed to respond to the government's submission as to the amount of sanctions, the district court imposed a $9,000 sanction.
 
 
 8
 After dismissal of the Bivens action, plaintiffs, again with Smith as counsel, brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346, 2671-2680 ("FTCA"). Knipe v. United States, 92-CV-1389 (N.D.N.Y. Apr. 12, 1993), aff'd by order, No. 93-6161 (2d Cir. Dec. 3, 1993). In this complaint, plaintiffs sought money damages under the FTCA from the United States, alleging that the government negligently allowed FAA enforcement personnel to develop and implement an unconstitutional regulatory program. They further alleged that federal employees negligently conducted a base inspection of Mall and negligently carried out proceedings to revoke or suspend aviation certificates and to impose civil fines on plaintiff Knipe.
 
 
 9
 The government moved to dismiss the complaint and moved for sanctions pursuant to Rule 11. The district court granted the motion to dismiss, concluding that plaintiffs' claims were barred by res judicata, that the court lacked subject matter jurisdiction, and that the United States was protected by sovereign immunity under the discretionary function exception to the Federal Tort Claims Act, see 28 U.S.C. Sec. 2680(a).
 
 
 10
 The district court also granted the government's motion for Rule 11 sanctions, finding that Smith had filed a complaint that was lacking a good faith basis in existing law and was interposed for an improper purpose. The government suggested sanctions in the amount of $7,252.89, to reflect its attorneys' fees and travel expenses. When Smith failed to respond to this submission, the district court adopted the suggested amount.
 
 DISCUSSION
 
 11
 Rule 11, prior to its amendment in 1993, provided in relevant part:
 
 
 12
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction....
 
 
 13
 Fed.R.Civ.P. 11 (1992).
 
 
 14
 Under the version of Rule 11 in effect at the time of the district court's decisions, the imposition of sanctions was mandatory upon finding a violation of the Rule. Where a district court has imposed sanctions pursuant to this version of the Rule, we review for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399-405, 110 S.Ct. 2447, 2457-2461, 110 L.Ed.2d 359 (1990); Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir.1993). We first consider whether the district court abused its discretion in ruling that Smith violated Rule 11, and we then consider the relevance of the 1993 amendment to Rule 11.
 
 A. Knipe v. Skinner
 
 15
 In Knipe v. Skinner, 146 F.R.D. at 60-61, the district court concluded that Smith violated Rule 11 by filing a complaint that to the best of Smith's "knowledge, information, and belief formed after reasonable inquiry" was not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. An attorney's good faith belief in his or her argument must be supported by an objectively reasonable inquiry into its viability. As we stated in Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir.1985), "Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Simply put, subjective good faith ... provides [no] safe harbor." See also Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir.1990), cert. denied, 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). We conclude that after an objectively reasonable investigation, no good faith argument was advanced in support of the claims asserted in plaintiffs' complaint.
 
 
 16
 In Knipe v. Skinner, plaintiffs sued for damages, directly under the Constitution, see Bivens, 403 U.S. at 389, 91 S.Ct. at 2001, thirty-one government officials who perform discretionary functions. However, as the Supreme Court held in Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Thus, plaintiffs could not have hoped to prevail in the Bivens action unless appellees' alleged conduct was clearly violative of plaintiffs' constitutional rights at the time of appellees' actions.
 
 
 17
 A reasonable investigation of the law at the pertinent time would have revealed that appellees' alleged conduct did not violate any clearly established constitutional rights of the plaintiffs. Plaintiffs' complaint repeatedly alleged that FAA officials lack authority to commence certificate actions against alleged FAR violators, rather than impose civil money penalties. However, that supposed lack of authority was then, and is now, anything but clearly established. See Section 609 of the FA Act, 49 U.S.C. Sec. 1429 (1988). Moreover, at the time of the actions alleged in the complaint, Go Leasing v. National Transp. Safety Bd., 800 F.2d 1514 (9th Cir.1986), in which Smith was counsel, had directly held that FAA officials had the requisite authority.
 
 
 18
 In light of Go Leasing's affirmance of the validity of the FAA enforcement procedures challenged by plaintiffs, Smith cannot credibly argue that appellees could reasonably have known in 1988 that their conduct violated clearly established constitutional rights. See Harlow, 457 U.S. at 818, 102 S.Ct. at 2738. Moreover, before the present action was brought, three other circuits had followed Go Leasing in cases in which Smith was again counsel. See Rochna v. National Transp. Safety Bd., 929 F.2d 13 (1st Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 305, 116 L.Ed.2d 248 (1991); Tearney v. National Transp. Safety Bd., 868 F.2d 1451 (5th Cir.), cert. denied, 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989); Komjathy v. National Transp. Safety Bd., 832 F.2d 1294 (D.C.Cir.1987), cert. denied, 486 U.S. 1057 (1988). As Smith himself conceded in his brief, "anyone reading [Rochna, Tearney, Komjathy, and Go Leasing ] would come away with the belief that the FAA without question has authority to suspend a license for a violation." Indeed, Smith has offered no argument as to why the law of qualified immunity is not fully dispositive of such a Bivens action or why that law as expressed in Harlow should be extended, modified, or reversed. Smith was therefore properly sanctioned for bringing the Bivens action.
 
 
 19
 We emphasize that sanctions are not warranted merely because Smith raised legal theories in this circuit that have been rejected in several other circuits. So long as counsel is candid about a legal theory's prior lack of success, honestly seeks to have existing law altered, and has not brought the action for an improper purpose, Rule 11 as it existed prior to the 1993 amendment is satisfied.
 
 
 20
 Smith argues that Rochna, Tearney, Komjathy, and Go Leasing do not dispose of all of the claims that plaintiffs asserted, and therefore, he should not be sanctioned. It is true that some of plaintiffs' arguments were not raised in the other cases in which Smith was counsel. However, these causes of action also lacked a good faith basis in existing law. A number of the plaintiffs' claims pose novel attacks on the validity of the FA Act and its enforcement mechanisms. For example, plaintiffs assert that implementation of the FA Act and accompanying regulations denied them their statutory and constitutional rights to a jury trial and deprived plaintiff Valentine of due process. Again, however, because Smith fails to demonstrate in any way that appellees could reasonably have been aware that their adherence to FAA procedures was clearly unconstitutional, sanctions were properly imposed with respect to these claims.
 
 
 21
 The remaining claims allege improper delegation of authority, violation of the FA Act by failing to cooperate with Mall employees during inspection, violation of FAA policy by appointing an improper team leader to head the Mall inspection, and blacklisting of Valentine and Ford. These allegations also provide grounds for sanctions, because Smith offers no authority demonstrating that appellees' alleged conduct would violate any clearly established constitutional right.
 
 
 22
 A reasonable investigation would thus have revealed that the complaint was untenable under the existing law of qualified immunity. Because Smith makes no argument for the extension, modification, or reversal of that body of law, the district court's ruling that he violated Rule 11 was not an abuse of discretion.
 
 B. Knipe v. United States
 
 23
 The complaint filed in Knipe v. United States, which was based on the same facts as Knipe v. Skinner, alleged "negligent supervision and training by [FAA officials] of those DOT, FAA and NTSB employees engaged in rulemaking and regulatory enforcement activities." As in Knipe v. Skinner, the complaint relied in large part upon previously rejected legal theories challenging the validity of the FAA enforcement procedures. Dismissing the complaint on grounds of res judicata, lack of subject matter jurisdiction, and immunity of the United States under the discretionary function exception to the FTCA, the district court stated, "it's clear ... that what you [Smith] are doing is simply attempting another creative avenue to beat a dead horse.... Attempting to disguise the [same] arguments as an action sounding in tort does not cloak them with validity."
 
 
 24
 In Knipe v. United States, 151 F.R.D. 24 (N.D.N.Y.1993), the district court imposed sanctions against Smith, concluding that in filing the complaint four days after dismissal of Knipe v. Skinner, Smith had "violated Rule 11 by interposing a pleading which has no good faith basis in the law for an improper purpose." Id. at 26. We hold that the district court's ruling that Smith violated Rule 11 was not an abuse of discretion.
 
 
 25
 In Zaldivar v. City of Los Angeles, 780 F.2d 823, 832 (9th Cir.1986), the Ninth Circuit held that, "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." It also held, however, that if a complaint is well-grounded in fact and warranted by existing law, it cannot be considered harassing under Rule 11. Id.; accord National Ass'n of Gov't Employees v. National Fed'n of Fed. Employees, 844 F.2d 216, 223 (5th Cir.1988). In this case, we need not reach the issue of whether a complaint that is warranted by existing law may be sanctionable if filed for the improper purpose of harassment, because we agree with the district court that plaintiffs' complaint was both lacking a good faith basis in law and intended to harass the FAA.
 
 
 26
 Knipe v. United States recasts many of Knipe v. Skinner's claims as tort claims, in large part relying upon the same arguments respecting FAA enforcement procedures rejected in Rochna, Tearney, Komjathy, and Go Leasing. Although an attorney should not be deterred by Rule 11 from seeking to raise in one circuit an argument rejected in another, reasserting those arguments in a new complaint in a district court four days after that court has rejected those arguments in the context of the same factual circumstances affords grounds for finding that the new pleading was interposed for an improper purpose. Smith's failure to distinguish the underlying legal theories rejected in Knipe v. Skinner from the theories advanced in Knipe v. United States evidences a lack of a good faith argument for the extension, modification, or reversal of existing law.
 
 
 27
 We also agree with the district court that the filing of the second complaint on the heels of the dismissal of Knipe v. Skinner reveals an improper purpose. Smith offered no reason why his theory of liability under the FTCA could not have been included in his first complaint, nor has he offered any reason why his arguments respecting the validity of FAA enforcement procedures would receive more favorable treatment the second time around. Thus, the district court's conclusion that Smith appears to be "pursuing a personal agenda against the FAA" is supported by the record.
 
 
 28
 We conclude that the district court did not abuse its discretion in holding that the Knipe v. United States complaint lacked a good faith basis in law and was filed for an improper purpose. The district court therefore properly imposed sanctions under the Rule 11 in effect at the time of its decision.
 
 C. 1993 Amendment to Rule 11
 
 29
 Since the district court's decisions, Rule 11 has been amended. The amended version provides, in relevant part:(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.... (c) Sanctions. If, after a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
 
 
 30
 (emphasis added). Thus, under the amended version, the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory. In addition, to avoid sanctions, arguments for extensions, modifications, or reversals of existing law must now be supported by a "nonfrivolous," rather than "good faith" argument.
 
 
 31
 The amendment is effective December 1, 1993, and "applicable to all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." Because Rule 11 sanctions should be imposed with caution, see, e.g., Rodick, 1 F.3d at 1351; Morristown Daily Record v. Graphic Comm. Local 8N, 832 F.2d 31, 32 n. 1 (3d Cir.1987), we conclude that a just and practicable application of the amended Rule 11 requires that the district court be afforded an opportunity to exercise its discretion whether to impose sanctions under the amended version.
 
 
 32
 However, on remand the district court should otherwise adhere to the version of Rule 11 in effect at the time of its prior decisions. Any further retroactive application of the amended Rule 11 would charge Smith with knowledge of a rule not in effect at the time of filing and therefore would not advance Rule 11's central goal of deterring baseless filings. See Cooter & Gell, 496 U.S. at 393, 110 S.Ct. at 2454.
 
 
 33
 Remanded, no costs.