**Robert BENTON, Plaintiff,**

v.

**The G & O MANUFACTURING CO. and Local 979, International Union United Automobile, Aircraft and Agricultural Implement Workers of America, Defendants.**

**No. 3:92CV164 (RNC).**

United States District Court, D. Connecticut.

Aug. 10, 1995.

Paul E. Pollock, Andrew S. Turret, Bai, Pollock & Dunnigan, Bridgeport, CT, Philip Matthew Hart, New Haven, CT, for plaintiff.

Gary S. Starr, Kainen, Starr, Garfield, Wright & Escalera, Hartford, CT, for G & O Manufacturing Co.

Gregg D. Adler, Mary E. Kelly, Gould, Livingston, Adler & Pulda, Hartford, CT, for International Union United Automobile, Air-

craft & Agricultural Implement Workers of America.

## RULING AND ORDER REGARDING AMOUNT OF RULE 11 SANCTIONS

CHATIGNY, District Judge.

This case is before me for a determination of the amount of sanctions that plaintiff's counsel, Philip Matthew Hart, should be required to pay for violating Fed.R.Civ.P. 11. *See* Stipulation In Re: Voluntary Withdrawal (2d Cir.1994) (No. 94–9109) [doc. # 97]. The defendants want to be reimbursed for all the fees and costs they incurred in defending the case before it was dismissed by Judge Cabranes. Attorney Hart opposes any sanction. For reasons stated below, I conclude that Attorney Hart should be required to pay into court a penalty of $500.

## I. *BACKGROUND*

Plaintiff commenced this action in state court in 1992 against his former employer and labor union. The complaint alleged that the employer had violated the plaintiff's seniority and recall rights by the manner in which employees were recalled to work following a layoff in 1990 and that the union had failed to protect the plaintiff's interests. The complaint, seeking damages, back pay and reinstatement, was signed by Attorney Hart.

The action was removed to this court by counsel for the defendants, who promptly advised Attorney Hart that the action was barred by the applicable six-month statute of limitations. *See DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Flanigan v. International Bhd. of Teamsters, Truck Drivers Local 671,* 942 F.2d 824 (2d Cir. 1991). Attorney Hart objected to removal then withdrew his objection. Following limited discovery, consisting of some interrogatories and production requests and one deposition, the defendants moved for summary judgment based on the statute of limitations. Attorney Hart sought an extension of time to respond to the summary judgment motions then moved to withdraw the action without costs. The defendants opposed voluntary

dismissal without costs and moved for attorney's fees and costs under Rule 11.

Both defendants' Rule 11 motions were predicated on Attorney Hart's state court complaint. Neither motion mentioned any other document. Nor was there any allegation by either defendant that Attorney Hart filed the complaint or pursued the litigation for an improper purpose. *See* Defendant Local 979's Motion for Award of Costs and Fees Pursuant to Rule 11 of the Federal Rules of Civil Procedure [doc. # 61]; Defendant G & O's Motion for Award of Costs and Fees Pursuant to Rule 11 of the Federal Rules of Civil Procedure [doc. # 65].

Attorney Hart responded by moving to dismiss the defendants' motions on the ground that a state court complaint is not sanctionable under Rule 11. *See* Plaintiff's Memorandum in Support of Motion to Dismiss Defendants' Motions for Rule 11 Sanctions at 3–5 [doc. # 76], *citing Stiefvater Real Estate, Inc. v. Hinsdale,* 812 F.2d 805, 809 (2d Cir.1987). The defendants conceded the validity of Attorney Hart's point but argued that he could still be sanctioned pursuant to Rule 11 for filing papers in this court following removal. Alternatively, the defendants requested sanctions pursuant to 28 U.S.C. § 1927.

On October 5, 1994, Judge Cabranes granted the defendants' Rule 11 motions. *See* Ruling on Defendants' Motions for Sanctions [doc. # 83]. Judge Cabranes noted that, although Rule 11 does not apply to a state court complaint and, in its pre–1993 form, did not impose a duty on Attorney Hart to withdraw the complaint following removal, it did apply to Attorney Hart's post-removal filings. Relying on those filings, Judge Cabranes found that Attorney Hart's persistence in pursuing the complaint violated Rule 11. Judge Cabranes did not base his determination on the contents of any of the post-removal filings or specify which subdivision of the Rule had been violated. Instead, he invited the parties to submit supplemental papers "on the issue of the proper amount of sanctions by no later than November 7, 1994." *Id.* at 17. Judge Cabranes did not comment on the defendants' request for sanctions pursuant to 28 U.S.C. § 1927.

On November 3, 1994, Attorney Hart filed a notice of appeal from the October 5 ruling [doc. # 86]. On December 21, 1994, the appeal was ordered withdrawn from active consideration pursuant to a stipulation of voluntary withdrawal [doc. # 97]. The stipulation provides that the appeal may be reinstituted "within ten (10) days after the United States District Court decides the pending issue of the amount of sanctions which may be awarded in this case."

On March 24, 1995, I held a conference in the case to discuss the status of the Rule 11 issue and the need for further proceedings. Attorney Hart did not appear but was represented by counsel. On April 3, 1995, I heard extensive oral argument. Mr. Hart participated along with his counsel.

At the April 3 hearing, Attorney Hart stated that he pursued the case, despite being notified by defendants' counsel that the action was time-barred, because he believed he could prove a continuing violation of his client's seniority and recall rights, which, in his opinion, might enable him to overcome a defense based on the statute of limitations. Attorney Hart stated that his client decided to withdraw the case, not because the action was time-barred, but solely because the plaintiff could no longer afford to litigate. Attorney Hart insisted that his pursuit of the action based on a continuing violation theory was proper.

At the April 3 hearing, Attorney Hart emphasized that he contacted the defendants before filing suit in an effort to avoid litigation but was not given information he requested. He stated that he tried to cooperate with both defendants after suit was filed and that his discovery requests were limited in a good faith effort to avoid causing unnecessary expense. He stated that this is the only case in which his conduct has been the subject of a motion for sanctions, an experience he described as "rather devastating." Transcript of April 3, 1995 Hearing at 3 [doc. # 103].[1]

---

**1.** Attorney Hart has been in practice since 1981. He is a sole practitioner and has no legal assistant. He does mostly civil cases for plaintiffs, workers' compensation cases, real estate closings

## II. *DISCUSSION*

In determining the amount of sanctions that ought to be awarded, the appropriate standards to apply are found in Rule 11 as amended effective December 1993. *See Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994) (just and practicable application of amended Rule 11 requires that district court have opportunity to decide whether to impose sanctions under amended version). Unlike the pre–1993 version, the amended version gives a court "significant discretion in determining what sanction, if any, should be imposed for a violation ..." Fed.R.Civ.P. 11(c) advisory committee's note. Under the amended version, the sanction "should not be more severe than necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *Id.* The amended version encourages a court to consider nonmonetary sanctions before resorting to monetary sanctions. If a monetary sanction is necessary, the money "should ordinarily be paid into court as a penalty." *Id.* The amended version of the Rule authorizes an award of attorney's fees to another party in unusual circumstances, particularly for filings presented for an improper purpose in violation of subdivision (b)(1), if necessary to achieve the objective of deterrence. *Id.*

■ Applying the principles embodied in the amended version of Rule 11, I find that the circumstances of this case are not so unusual that a monetary sanction in the form of an award of attorney's fees and costs to the defendants is necessary. While Judge Cabranes has determined that Attorney Hart's post-removal filings violated Rule 11 because the plaintiff's cause of action was itself clearly time-barred, he made no finding that the post-removal filings were independently sanctionable due to their contents or were filed for an improper purpose in violation of subdivision (b)(1) of the Rule. Having carefully considered the entire record, I find that Attorney Hart did not act for an improper purpose and that an award of fees and costs is not necessary to achieve the Rule's objective of deterrence.

■ Pursuant to Rule 11, subdivision (b)(1), Attorney Hart's signature on the post-removal filings constituted a certification that the filings were "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." In determining whether Attorney Hart's post-removal filings violated this subdivision of the Rule, an objective standard must be applied. *Sussman v. Bank of Israel*, 56 F.3d 450, 456 (2d Cir. 1995). See *Eastway Construction Corporation v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985) (attorney's subjective good faith belief that paper is valid does not provide safe harbor). However, "[t]he existence of baseless allegations does not alone require a finding of improper purpose, because inexperience or incompetence may have caused their inclusion in a pleading, rather than or in addition to willfulness or deliberate choice." *In re Kunstler*, 914 F.2d 505, 518–19 (4th Cir.1990). Cf. *Knipe v. Skinner*, 19 F.3d 72, 77 (2d Cir.1994) (record supported finding that complaint lacking a good faith basis in law was filed for an improper purpose).

Attorney Hart's post-removal filings do not justify a finding that he acted with an improper purpose. His objection to removal was promptly withdrawn when he realized it was without merit; his discovery requests were limited in number and scope consistent with a good faith effort to prove a continuing violation of his client's rights; his discovery requests were objected to only in part and did not prompt a motion for sanctions on any ground; he was in no position to refuse to respond to the defendants' discovery requests unless he withdrew the action, which the pre–1993 version of Rule 11 did not require him to do; the responses he filed to the defendants' discovery requests (following a motion for sanctions for failing to respond in a timely manner) were not objected to on any ground; and his request for an extension of time to respond to the defendants' motions for summary judgment appears to have been aimed at facilitating discussions with his client concerning voluntary dismissal.

and wills. Prior to this case, he had only one    case involving a union.

Attorney Hart's statements and demeanor at the April 3 hearing support the conclusion that his persistence in pursuing the case was based on lack of experience, rather than intent to harass or injure. Attorney Hart appears to have sincerely believed that he could overcome the statute of limitations defense by proving a continuing violation of his client's rights. Giving Attorney Hart the benefit of the doubt, as I must under Rule 11, I conclude that he did not act with an improper purpose in violation of subdivision (b)(1).

An award of fees and costs to the defendants might be appropriate under the amended version of Rule 11, notwithstanding my determination that Attorney Hart did not act with an improper purpose, if the violation found by Judge Cabranes was willful or if such an award seemed necessary to achieve the Rule's objective of deterrence. See Fed. R.Civ.P. 11(c) advisory committee's note. However, the facts and circumstances that argue against an inference of improper purpose also indicate that the violation found by Judge Cabranes was negligent rather than willful and that the interest in deterrence can be served by a lesser sanction. Cf. *Weisman v. Rivlin*, 598 F.Supp. 724 (D.D.C.1984) (Gesell, J.) (weighing all relevant facts and circumstances, including showing of negligence but not willfulness, court awarded sanction of $200 in response to request for $7,858.75).

Consistent with the foregoing, I conclude that an award of costs and fees to the defendants is not warranted. Instead, Attorney Hart should be required to pay into court a penalty of $500. A penalty in the amount of $500 is an appropriate sanction for the violation found by Judge Cabranes and should be sufficient to deter repetition of the conduct by Attorney Hart or comparable conduct by others.

So ordered.