George **BONADIO, on his own behalf and on behalf of the Bonadio Family Trust, Plaintiffs,**

v.

**EAST PARK RESEARCH, INC.; EPR, LLC; Gordon Melcher; and Leslie Nachman, Defendants.**

No. 7:03–CV–144.

United States District Court, N.D. New York.

Dec. 30, 2003.

---

James J. Gascon, Costello Cooney Law Firm, Syracuse, NY, for Plaintiffs.

Robert E. Purcell, Indranil Mukerji, Wall, Marjama & Bilinski, LLP, Syracuse, NY, Rakesh M. Amin, Weaver, Amin Law Firm, Chicago, IL, for Defendants.

## DECISION & ORDER

MCAVOY, Senior District Judge.

### I. INTRODUCTION

Defendants have filed a motion pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure to dismiss the instant action. Defendants contend, *inter alia,* that the action should be dismissed because Plaintiff, George Bonadio, the sole defendant in an action brought by EPR, LLC in the United States District Court for the District of Nevada, *EPR, LLC v. Bonadio,* CV–S–02–0543–LRH–RJI (D.Nev.), failed to file this action as a compulsory counterclaim in the Nevada District Court in accordance with the dictates of FED. R. CIV. P. 13(a). Defendant also seeks sanctions against the Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure for instituting this action in this Court. For the reasons that follow, Defendants' motion to dismiss this action is **granted**, and the motion for sanctions is **denied.**

### II. DISCUSSION

#### A. Compulsory Counterclaim

Each party has offered reasons in support of their respective positions on the portion of the motion seeking to dismiss the instant action. Defendants contend, *inter alia,* that "[t]he legal and factual issues raised by Plaintiffs' Complaint [in this Court] are the exact same legal and factual issues of the case pending in Nevada. In fact, Bonadio's Complaint is a mirror reflection of its Answer and Counterclaims against EPR in the Nevada action." Defs. Reply Mem. Law, p. 2. Plaintiffs, who are represented by the same counsel, argue, *inter alia,* that Rule 13(a) does not apply because the instant action involves a party not involved in the Nevada action and over which the Nevada Court might not have personal jurisdiction (the Bonadio Family Trust); that the instant action was filed while George Bonadio's motion to dismiss the Nevada action for lack of personal jurisdiction was pending (that has now been denied); and was filed at a time when a motion to transfer venue to this Court based upon a *forum non-conveniens* argument was pending before the Nevada

District Court (that has now been denied). It is undisputed, however, that the instant action was filed after the commencement of the action in Nevada.

A compulsory counterclaim is defined as "any claim which at the time of serving the pleading the pleader has against any party if it arises out of the same transaction or occurrence that is the subject of the opposing party's claim." FED. R. CIV. P. 13(a). "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir.1991) (quoting *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1980)).

"Rule 13(a) 'was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'" *Southern Const. Co. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). "The rule 'was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.'" *Id.* "If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Critical–Vac Filtration Corp. v. Minuteman Int'l, Inc.,* 233 F.3d 697, 699 (2d Cir.2000)(citing *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)). Further, "a party not named in litigation may still be an opposing party for Rule 13 purposes in certain cases in which the party is functionally identical to the actual opposing party named in the litigation." *Transamerica Occidental Life Insurance Co. v. Aviation Office of America, Inc.,* 292 F.3d 384, 390 (3d Cir.2002) (citing *Banco Nacional de Cuba v. First National City Bank of New York,* 478 F.2d 191 (2d Cir.1973)). "'[O]pposing party' in Rule 13(a) should include

parties in privity with the formally named opposing parties." *Id.* at 393 (explaining that privity was created when the party assigned rights respecting the litigation to another party).

■ "Plaintiffs do not disagree that the Nevada action involves a dispute arising out of the same contract as the instant action before this Court." Plfs. Mem. Law p. 1. In fact, Plaintiffs do not dispute Defendants' contention that the instant action is a mirror reflection of Bonadio's Answer and Counterclaims against EPR in the Nevada action. In light of this, it is clear that George Bonadio's claims in this Court are compulsory counterclaims that must be raised in the Nevada District Court. Therefore, these claims should be dismissed because allowing Bonadio to proceed with an action in New York would be duplicative of the action in Nevada and would be contrary to the purpose of Rule 13 which is preserving scarce judicial resources and preventing inconsistent judicial determination and verdicts on similar issues.

■ Further, inasmuch as Bonadio has asserted that he assigned his rights under the contract in issue to the Bonadio Family Trust ("Trust"), the Trust is also bound by Rule 13. Plaintiff's argument that the Trust is an indispensable party in the Nevada action, but one over which the Nevada Court cannot obtain personal jurisdiction, are not arguments to be raised in this Court. Rather, by the plain wording of Rule 19, an "indispensable party" argument is one which should have been raised in the Nevada District Court. *See* Fed.R.Civ.P. 19(b). Similarly, whether the Trust is a party over whom the Nevada District Court cannot acquire personal jurisdiction is also a question for the Nevada District Court.[1] Had the Nevada District Court found that the Trust was an indispensable party but one over which it could not have exercised personal jurisdiction, it could have dismissed the action, *id.,* thereby allowing this matter to proceed.

---

1. It should also be mentioned that, assuming the Trust is a party over whom the Nevada court cannot obtain jurisdiction and the Trustee(s) do(es) not believe that Bonadio can adequately represent its interests in the litigation, the Trust has the option of presenting itself before the Nevada District Court and voluntarily submitting to that Court's jurisdiction to protect its own interests.

Consequently, this Court concludes that Plaintiffs' claims are compulsory counterclaims under Rule 13(a) to the claims asserted in the Nevada action, and therefore the action here must be dismissed.

### B. Rule 11 Sanctions

 Finally, Defendants move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that the action in this Court was instituted for vexatious reasons. Putting aside whether or not the motion for sanctions is procedurally proper, *see Kron v. Moravia Cent. Sch. Dist.,* 2001 WL 536274, at *1 (N.D.N.Y. May 3, 2001), the Court finds that there is an insufficient basis for the imposition of sanctions.

Rule 11 was created to deter dilatory and abusive tactics in litigation, and to streamline the litigation process by lessening frivolous claims or defenses. "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness." *Margo v. Weiss,* 213 F.3d 55, 65 (2d Cir. 2000). The imposition of Rule 11 sanctions is discretionary and should be done with caution. *Knipe v. Skinner,* 19 F.3d 72, 78 (2d Cir.1994). A court should impose sanctions only "if 'it is patently clear that a claim has absolutely no chance of success,' and all doubts should be resolved in favor of the signing attorney." *K.M.B. Warehouse Distributors, Inc. v. Walker Mfg. Co.,* 61 F.3d 123, 131 (2d Cir.1995) (quoting *Rodick v. City of Schenectady,* 1 F.3d 1341, 1350 (2d Cir. 1993)).

Given the fact that the instant action was commenced at a time when motions were pending before the Nevada District Court, which arguably could have ended the action in Nevada or transferred it to this District, this Court cannot conclude that Plaintiffs' belief in the propriety of instituting an action in this Court was "so completely without merit ... that [the action] must have been undertaken for some improper purpose ...." *Salovaara v. Eckert,* 222 F.3d 19, 35 (2d Cir.2000). Therefore, Defendants' motion to impose Rule 11 sanctions is **DENIED.**

### III. CONCLUSION

For the reasons stated above, it is **ORDERED** that the Defendants' motion to dismiss this action is **GRANTED,** and Defendants' motion for Rule 11 sanctions is **DENIED.** Plaintiffs' action is **dismissed without prejudice.** The Clerk's Office shall mark this file as closed.

**IT IS SO ORDERED**