## SECURITIES & EXCHANGE COMMISSION v. TOPPING.

### Civ. 50–79.

United States District Court
S. D. New York.
May 24, 1949.

Louis Loss, Associate General Counsel, David Ferber, Special Counsel, Aaron Levy, Attorney, Securities and Exchange Commission, Washington, D. C., for the plaintiff.

Meyer Abrams, Chicago, Ill., for defendant (Aaron Schwartz, New York City, of counsel).

LEIBELL, District Judge.

Plaintiff moves for a preliminary injunction to restrain the defendant from violating Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78n (a), and Regulation X–14A promulgated thereunder. It is alleged that the defendant's conduct in mailing or causing to be mailed to stockholders of Certain-teed Products Corporation a letter dated April 1, 1949, containing false and misleading statements and which defendant had not theretofore submitted to the Securities and Exchange Commission for its consideration, was preliminary to the solicitation of proxies to be used by defendant at the annual meeting to be held May 11, 1949, or at an adjournment thereof. The complaint herein was filed April 29, 1949. The papers submitted at the argument of the motion show that defendant, when he caused the letter of April 1, 1949 to be mailed to the stockholders, had the purpose of later soliciting proxies

and that there was a likelihood that he would solicit proxies, if he could get the May 11th meeting adjourned a month. The section of the statute and the Regulation issued thereunder extend to any writings which are part of a continuous plan ending in solicitation and which prepare the way for its success. Securities and Exchange Comm. v. Okin, 2 Cir., 132 F.2d 784, at page 786.

When the motion herein came on for argument on May 6, 1949 the attorney for the defendant agreed that his client would not communicate with stockholders pending the decision of this motion, except that he would of course attend the annual meeting on May 11, 1949 and participate therein. At the argument May 6th, the court fixed May 12th for the exchange of briefs and May 24th for answering briefs. Defendant's attorney stated that he was about to go abroad on a business matter. The day following the argument I received a letter from defendant's attorney enclosing an additional memorandum of law and stating that he did not know whether he would be in a position to file a reply brief. On May 24th my secretary was informed by defendant's local counsel that no further brief would be filed. On May 12th counsel for the Securities and Exchange Commission mailed in a copy of a memorandum of law. On May 24th my secretary was informed that the Securities and Exchange Commission was not filing any further memorandum.

There is nothing before me to show what happened at the annual meeting of stockholders of Certain-teed Products Corporation held on May 11th. I assume that the defendant complied with the promise made by his attorney on the argument of the motion and sent no further written communications to the stockholders. The annual meeting presumably came off on schedule on May 11th and was not adjourned. Therefore there does not appear to be any need for a preliminary injunction in so far as the solicitation of proxies is concerned. The question is now moot, at least as it relates to the annual meeting for 1949. The court should not now concern itself with what might happen in preparation for

the 1950 annual meeting or any special meeting of stockholders that may be called before them. Meanwhile, if there should be any written communications from the defendant to the stockholders which violate Section 14(a) of the Securities Exchange Act of 1934 or Regulation X–14A promulgated thereunder, plaintiff may renew its application to the Court for a preliminary injunction. The action will not be dismissed and defendant's counter-motion for a dismissal of the complaint is denied.

Plaintiff's motion is denied without prejudice. Defendant's counter-motion is denied. Settle an order accordingly.