Sandra HOLMES, Plaintiff,

v.

NBC/GE, et al., Defendants.

No. 94 Civ. 9341 (CBM).

United States District Court,
S.D. New York.

May 15, 1996.

James H. Callwood, New York City, for Plaintiff.

Gayle Chatilo Sproul, National Broadcasting Company, Inc., New York City, for Defendant NBC.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff has moved to disqualify this court from presiding over this case in which plaintiff claims to have suffered discrimination in the terms and conditions of her employment based on her race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Because plaintiff's allegations are insufficient as a matter of law to justify this court's disqualification the motion is denied.

## BACKGROUND

By Order and Memorandum Opinion dated February 8, 1996, *Holmes v. NBC/GE,* 914 F.Supp. 1040 (S.D.N.Y.1996) (hereinafter, "the February Order"), this court denied defendants' motion for summary judgment. On April 4, 1996, a pre-trial conference was held in this matter, in which the court held that issues raised in a cross motion filed by plaintiff would be severed for consideration after trial of plaintiff's civil rights claims. *See* Pre–Trial Schedule and Order, dated April 4, 1996. Because of the broad nature of the relief sought by plaintiff in her cross motion, the court issued another Order with Memorandum Opinion on April 9, 1996, to clarify the court's prior ruling on plaintiff's cross motion. *See Holmes v. NBC/GE,* 94 Civ. 9341 (April 9, 1996), 1996 WL 164725 (S.D.N.Y.) (decision on plaintiff's cross motion).[1] In the April Orders, the court expressly denied that portion of plaintiff's cross motion that sought a preliminary injunction, summary judgment and sanctions against defendants' counsel. All other relief sought in the cross motion was severed for consideration after trial on plaintiff's discrimination claims. The facts of the underlying dispute are set forth in this court's previous decisions in this case denying defendant's motion for summary judgment and denying, in part, plaintiff's cross motion and familiarity therewith is assumed.

To support her motion for disqualification, plaintiff makes the following allegations: 1) that her attorney was treated with "total

---

1. The two Orders issued in April will be referred to herein, collectively, as ("the April Orders").

disrespect ... in a hearing in open court"; 2) that the court has disregarded "evidence" that defendants and their agents have committed perjury in these proceedings [2]; 3) that the court has "[p]recluded the consideration of the fact that [defendants are] in violation of a consent decree which mandates objective job evaluations ..."; 4) that defendants were permitted to delay in filing their answer in this case and that defendants' counsel "lied" in her affidavit of service of said answer because the answer was purportedly served a day later than the affidavit attests [3]; 5) that the court established the discovery schedule in this case before the answer was actually filed [4]; 6) that the court established a schedule for depositions without taking into account the fact that "[p]laintiff may well need more than this amount of time [for depositions] ..." and that this is "unilaterally burdensome" on plaintiff; [5] 7) that the court has severed certain issues for trial until after trial of the Title VII claims in this case; 8) that the court has denied plaintiff the right to amend her complaint; [6] 9) that those portions of plaintiff's cross motion that sought (a) summary judgment, (b) sanctions under Fed.R.Civ.Proc. 11, and (c) a preliminary injunction were all denied; 10) that the court failed to maintain a record of the pre-trial April 4, 1996 pre-trial conference; and 11) that the court failed to advise plaintiff's counsel that "oral argument" on the motion for preliminary injunction would be held, even though no hearing concerning the cross motion for preliminary injunction was requested. (*See* Holmes Aff. at ¶ 3.)

In response to plaintiff's disqualification motion, defendants have sought leave to file sanctions under Fed.R.Civ.Proc. 11, or for the court to issue such sanctions on its own initiative. In addition, it has come to the attention of the court that since filing the motion to disqualify this court plaintiff has filed a notice of appeal of the April Orders in their entirety.

## ANALYSIS

### I. PLAINTIFF'S DISQUALIFICATION MOTION.

Plaintiff has moved under 28 U.S.C. §§ 144 and 455 for the disqualification of this

---

2. In its original cross moving papers, plaintiff's counsel asked that the court refer the issue of defendants' purported perjury surrounding factual submissions before the court to the office of the United States Attorney.

3. That counsel for defendants may have misrepresented the facts of service of the answer in this case in her affidavit of service is an issue first raised in the instant motion; the issue shall be addressed at the next pre-trial conference in this case.

4. Plaintiff's main argument on this point is that the court was unable to determine which issues were joined because an answer had not yet been filed. The delay in filing an answer was engendered because *plaintiff's* request for, *inter alia*, summary judgment and permission to amend her complaint was still pending. At the April 4, 1996 conference, the court directed defendants to file and serve their answer immediately, which it appears they did. If plaintiff feels that defendants' answer is inadequate Fed.R.Civ.Proc. 12 provides the remedies for such deficiencies: e.g., a motion to strike certain defenses.

5. Plaintiff has not sought relief from this schedule from this court. Rather, as indicated above, *infra*, plaintiff has appealed the order setting forth the discovery and deposition schedule.

6. Plaintiff sought to amend the complaint on the following grounds: 1) to add additional, individual defendants, although the law in this Circuit is that a Title VII action does not lie against individual employee-agents, *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314–1317 (2d Cir.1995); 2) to add individual employees of the EEOC as subject to plaintiff's emotional distress claims; and, 3) to assert "glass ceiling" (although no allegations supporting or reason for asserting this claim can be found in the cross moving papers).

At the April 4, 1996 pre-trial conference, the court addressed the issues raised in the request to amend the complaint and found that because they tended to raise issues beyond the scope of the central issue in the case (i.e., job discrimination), such claims should be severed until after trial on the Title VII claims. *See* Pre–Trial Schedule and Order, dated April 4, 1996 (severing all other claims raised by plaintiff apart from those based on race discrimination, sexual harassment and retaliation).

Although it was within the court's discretion to deny plaintiff leave to appeal, *Zahra v. Town of Southold*, 48 F.3d 674, 685–686 (2d Cir.1995) (citations omitted), the court did not deny such leave, but rather bifurcated issues outside the scope of the central claims in the case. If plaintiff can prove "glass ceiling" in her case-in-chief, the court will allow plaintiff the opportunity to amend her complaint to conform to the proof at trial.

court on the ground "of personal bias against [p]laintiff . . . and in favor of [d]efendants." (Pl.Not. of Mot. at 1.)

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Similarly, 28 U.S.C. § 455(b)(1) provides for recusal when a judge "has a personal bias or prejudice concerning a party."

▮ The papers supporting a motion for disqualification are considered against an objective standard, which is the same under both §§ 144 and 455. *See Apple v. Jewish Hosp. and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir.1987). The trial court must determine, taking all of the facts set forth in the affidavit supporting the motion as true, *Hodgson v. Liquor Salesmen's Union Local No. 2*, 444 F.2d 1344, 1348 (2d Cir.1971), whether a reasonable person, with a knowledge and understanding of all of the relevant facts, would conclude that the court's impartiality is reasonably in doubt. *See In re International Business Machines Corp.*, 45 F.3d 641, 643 (2d Cir.1995) (citations omitted). There is a presumption of judicial impartiality, however, and the burden the movant must carry to overcome this presumption is "substantial." *Farkas v. Ellis*, 768 F.Supp. 476, 478 (S.D.N.Y.1991); *Giladi v. Strauch*, 94 Civ. 3976 (Jan. 18, 1996), 1996 WL 18840 (S.D.N.Y.) (same).

▮ The trial judge is vested with discretion to determine whether to disqualify herself. *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988), *cert.*

denied sub nom. *Milken v. Securities and Exchange Commission*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989). Indeed, "[a] judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312. Although § 144 provides for the assignment of the case to "another judge" to hear the proceeding once a "timely and sufficient affidavit" alleging bias or prejudice is proffered, it is still within the discretion of the trial court to determine, at the outset, the legal sufficiency of the affidavit supporting the motion. *Apple v. Jewish Hosp. & Medical Ctr.*, 829 F.2d at 333. *See also Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir.1968) (per curiam) (holding judge whose disqualification is sought has legal obligation to determine the legal sufficiency of the supporting affidavit in the first instance).

▮ Accordingly, considering only the legal sufficiency of the affidavit submitted in support of the instant motion, the majority of the points raised in plaintiff's disqualification motion can be disposed of outright because of the fact that they are directed to this court's judicial rulings, which, standing alone, "almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, ——, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474, 490 (1994). *See also In re Int'l Business Machines Corp.*, 45 F.3d at 643 (2d Cir.1995). Plaintiff has not pointed to a single item beyond the scope of the April Orders that would cast any aspersions on these rulings. Similarly, plaintiff points to no element of these rulings nor in this court's administration of the proceedings before it that indicate any bias or prejudice. Thus, those allegations raised by plaintiff that challenge this court's rulings as unfair or wrongly decided cannot form the basis of a proper motion for disqualification.[7]

---

7. Such arguments are the following: that the court has disregarded "evidence" of defendants' perjury; that the court has "[p]recluded" certain facts surrounding a prior consent decree effecting the defendant; that defendants were permitted to delay in filing their answer in this case; that the court established the discovery schedule in this case before the answer was actually filed and that the time-frame for depositions thereunder was unduly brief; that the court has severed

certain of plaintiff's claims; that the court has denied plaintiff the right to amend her complaint; and that portions of plaintiff's cross motion were denied.

Additionally, because of the potential harm to a litigant when a preliminary injunction is wrongly withheld, this court has conducted a second thorough and in-depth review of all of the papers before it on plaintiff's request for a pre-

The final items that remain—that the court failed to advise plaintiff's counsel of "oral argument" on the motion for preliminary injunction was to be held, that plaintiff's counsel was treated "in a hostile manner ... in a hearing in open court," and that such hearing was not recorded—also fail to state valid grounds for disqualification.

First, plaintiff's purpose for raising the issue that her attorney was not informed that oral argument would be held on the motion is unclear. Initially, it must be noted that plaintiff still insists that her cross motion papers established irreparable harm because they set forth that she has suffered a reduction in salary. (Holmes Aff. at p. 9.)[8] Furthermore, plaintiff actually insists that her attorney did *not* ask for a hearing on a preliminary injunction. (Holmes Aff. at p. 8.) It is unclear whether plaintiff argues that this court exhibited bias when it refused to hold a hearing on plaintiff's request for a preliminary injunction or that it was bias for the court to believe that plaintiff was requesting a hearing on the preliminary injunction. In either case, the court has expressed its reasons for reaching the decision to consider the request for a preliminary injunction without a hearing and the decision to withhold equitable relief before trial. *See* April Orders, *supra,* 1996 WL 164725, at *2. These judicial rulings are reviewable by the Court of Appeals and plaintiff's criticisms thereof fail to provide a basis for disqualification.

Second, the court simply did not treat plaintiff's counsel in a hostile manner and plaintiff fails to describe any such "hostile" activity in any detail whatsoever.

Third, that the court did not have a court reporter on hand at the April 4, 1996 pretrial conference was court prerogative and an act of judicial administration. This court generally does not require the transcription by a court reporter of simple pre-trial conferences and did not do so in this case. That no court reporter was on hand at the April 4, 1996 conference was obvious on that date and counsel for either party could have easily requested that the conference be memorialized by a court reporter. Neither attorney made such a request and the conference was not transcribed.[9]

■ Thus plaintiff has set forth no arguably adequate basis for this court to order its own disqualification. Rather each of plaintiff's arguments complain of either "judicial rulings" or "routine trial administration efforts"[10] which "[a]ll occurred in the course of judicial proceedings." *Liteky v. United States,* 510 U.S. at ——, 114 S.Ct. at 1158, 127 L.Ed.2d at 491–92. These rulings by the court "neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.,* 510 U.S. at ——, 114 S.Ct. at 1158, 127 L.Ed.2d at 492. Accordingly, the disqualification motion must be denied.

---

liminary injunction. This review confirms this court's original finding that plaintiff failed to set forth *any* irreparable harm, which, of course, is the *sine qua non* for the issuance of a preliminary injunction. *USA Recycling, Inc. v. Town of Babylon,* 66 F.3d 1272, 1294 (2d Cir.1995) (citation omitted). Plaintiff has yet to cite a single case in which lost wages, standing alone, can form the proper basis of a finding of irreparable harm. Indeed, the award of the equitable relief sought by plaintiff without a showing of irreparable harm would have itself been an abuse of discretion. *Id.*

**8.** As stated above, *supra* note 7, these allegations alone do not establish irreparable harm.

**9.** The court is hard-pressed to understand plaintiff's argument that this court is biased because court personnel informed plaintiff's attorney that no record of the hearing exists because it was not transcribed. (Holmes Aff. at ¶ 3(m).) The court

is unsure whether plaintiff contends that the hearing was recorded yet not transcribed because of some bad faith on the part of the court or that plaintiff is attempting to proffer some other argument. In any case, the fact remains, no record of the April 4, 1996 pre-trial conference exists *because no court reporter was on hand to transcribe it* as the court has made clear. *See* April Orders, *supra,* 1996 WL 164725, at *2. This court employs no other means to record or maintain any other verbatim account of the proceeding if a court reporter does not transcribe the proceeding.

**10.** Such efforts would include, for example, the court's decision to sever certain claims for trial after the trial of plaintiff's main claims, which is, moreover, a ruling clearly authorized under Fed. R.Civ.Proc. 42(b).

## II. RULE 11 SANCTIONS.

 As set forth above, although plaintiff's moving papers do not set forth an adequate basis upon which this court should be disqualified, the court does not find that this is an adequate basis for imposing sanctions under Fed.R.Civ.Proc. 11. Moreover, because there does not appear to be any " ' "clear abuse" ' " by plaintiff of these judicial proceedings or through the filing of the instant motion sanctions are not appropriate. *Krauth v. Executive Telecard, Ltd.,* 870 F.Supp. 543, 548 (S.D.N.Y.1994) (citations omitted).

In addition, it is important to note that one of the purposes of the 1993 amendments to Rule 11 was " 'to reduce the number of motions for sanctions presented to the court.' " *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1327 (2d Cir.1995) (quoting Advisory committee note on 1993 amendment). Were defendants permitted to file a motion for sanctions at this time, the delay such motion would undoubtedly cause would not effectuate a reduction of distracting, peripheral litigation in this case. Even if the court were to act on its own initiative to impose sanctions under Fed.R.Civ.Proc. 11(c)(1)(B), this would further muddle the issues herein.

The court emphasizes, however, that by filing lengthy and confusing papers in this case and engaging in protracted satellite litigation seeking wide-ranging, extraordinary and, at times, bizarre relief, plaintiff has obfuscated the issues and impeded the speedy resolution of what the court generally considers to be a serious claim implicating important federal rights: i.e., that plaintiff has suffered discrimination in the terms and conditions of her employment. By attempting to add EEOC officials as defendants and seeking to refer certain individuals for prosecution—among other acts—plaintiff and her counsel "have taken a colorable claim ... and turned it into a conspiratorial burlesque," *Murphy v. Cuomo,* 913 F.Supp. 671, 683 (N.D.N.Y.1996), and have done little to aid the speedy resolution of the serious Title VII charges raised herein. Nonetheless, were the court to grant defendants leave to file a motion for Rule 11 sanctions at this time it would be diverting the litigation from the central claims in this case—a practice which has become all too familiar in the instant proceeding—and the parties would be no closer to resolving the disputes between them.

 Accordingly, defendants' request that the court grant them permission to file a motion for sanctions, or for the court to issue such sanctions on its own initiative, is denied at this time. As always, however, should either party in this case choose to engage in frivolous motion practice in the future the court will not hesitate in levying appropriate penalties.

### CONCLUSION

For the reasons set forth above, plaintiff's motion to disqualify this court is denied.

For the reasons set forth in Memorandum Opinion filed simultaneously herewith, plaintiff's motion to disqualify this court is DENIED.

So Ordered.